UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MANUEL BURGOS, | No. 2:14-cv-1952 CKD P |
| Plaintiff, | |
| v. | ORDER |
| K. FOX, et al., | |
| Defendants. | |

Plaintiff is a recently released state prisoner seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to all matters in this action being before a United States Magistrate Judge. See 28 U.S.C. § 636(c).

I. Request To Proceed In Forma Pauperis

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

/////
/////
/////
/////

1

II. Screening

The court is required to screen complaints brought by prisoners[1] seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

/////

---

[1] Plaintiff was still incarcerated when this action was filed.

1    The court has screened plaintiff's complaint and finds that the allegations fail to state a
2 claim upon which relief can be granted.  Plaintiff's complaint must be dismissed.  The court will,
3 however, grant leave to file an amended complaint.

4    First, plaintiff's complaint is too long and, at times, difficult to read in violation of Rule
5 8(2) of the Federal Rules of Civil Procedure which requires that pleadings contain only a "short
6 and plain statement of the claim showing that the pleader is entitled to relief."  Although the
7 Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair
8 notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev.
9 Agency, 733 F.2d 646, 649 (9th Cir. 1984). With respect to his amended complaint, plaintiff
10 should take care to write legibly, not repeat statements, not cite statements of law which have no
11 applicability to any arguably valid claim, and to omit facts which are not relevant to potentially
12 viable claims.

13    In his amended complaint, must demonstrate how the conditions complained of have
14 resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227
15 (9th Cir. 1980).  To the extent plaintiff complains about medical care, plaintiff is informed that
16 denial or delay of medical care for a prisoner's serious medical needs may constitute a violation
17 of the prisoner's Eighth Amendment rights.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  An
18 individual is liable for such a violation only when the individual is deliberately indifferent to a
19 prisoner's serious medical needs.  Id.  In his amended complaint, plaintiff should focus on
20 providing facts showing what his medical condition was, why it was serious, how it was that
21 defendants knew of his condition, how it was that defendants were at least deliberately indifferent
22 to his condition, and what injuries came about as a result of defendants' actions.

23    With respect to conditions of confinement generally, the Eighth Amendment's prohibition
24 of cruel and unusual punishment imposes on prison officials, among other things, a duty to "take
25 reasonable measures to guarantee the safety of the inmates."  Farmer v. Brennan, 511 U.S. 825,
26 832 (1991) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)).  An inmate's Eighth
27 Amendment rights can only be violated by a prison official if that official exposes an inmate to a
28 "substantial risk of serious harm," while displaying "deliberate indifference" to that risk.  Id. at

834. An official is deliberately indifferent if he or she knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Id. at 837. In his amended complaint, plaintiff should focus on providing facts showing why he believes he was subjected to a substantial risk of serious harm by particular conditions, that defendants were aware the conditions were dangerous to plaintiff, defendants were at least deliberately indifferent to the substantial risk of serious harm and what injuries came about as a result of defendants' actions.

In his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). In his complaint, plaintiff identifies several persons as defendants simply because they are supervisory staff or upper management with the California Department of Corrections and Rehabilitation (e.g. Clark Kelso, Jeffrey Beard). These defendants should be omitted from plaintiff's amended complaint unless they had some direct involvement in actions which resulted in a violation of plaintiff's federal rights.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

/////

/////

III. Temporary Restraining Order

The court notes plaintiff has filed a motion seeking a temporary restraining order regarding conditions of confinement. Since plaintiff has been released from prison (see EFC No. 12), this motion will be denied as moot.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 9 & 11) is granted.

2. Plaintiff's complaint is dismissed.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

4. Plaintiff's motion for a temporary restraining order (ECF No. 3) is denied.

Dated: October 17, 2014

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
burg1952.14