UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MANUEL BURGOS, | No. 2:14-cv-1952 CKD P |
| Plaintiff, | |
| v. | ORDER |
| K. FOX, et al., | |
| Defendants. | |

Plaintiff is a recently released state prisoner seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff has consented to all matters in this action being before a United States Magistrate Judge. See 28 U.S.C. § 636(c). On October 17, 2014, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed his amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467

1    U.S. 69, 73 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Palmer v. Roosevelt</u>
2    <u>Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under
3    this standard, the court must accept as true the allegations of the complaint in question, <u>Hospital</u>
4    <u>Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light
5    most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, <u>Jenkins v.</u>
6    <u>McKeithen</u>, 395 U.S. 411, 421 (1969).

7         As with plaintiff's original complaint, plaintiff's amended complaint fails to state a claim
8    upon which relief can be granted.  Plaintiff's primary problem is he again fails to point to facts
9    which adequately allege any defendant was deliberately indifferent to a known risk of serious
10   physical harm or to serious medical needs.  See <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1991)
11   <u>Estelle v. Gamble</u>, 429 U.S. 97, 104-05 (1976).  Plaintiff's amended complaint must be
12   dismissed.  The court will give plaintiff one final opportunity to cure the defects in his claims.  If
13   plaintiff choses to draft a second amended complaint he should refer to the information given to
14   him in the court's October 17, 2014 order.

15        Plaintiff is reminded that the court cannot refer to a prior pleading in order to make
16   plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended
17   complaint be complete in itself without reference to any prior pleading.  This is because, as a
18   general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375
19   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
20   longer serves any function in the case.  Therefore, in an amended complaint, as in an original
21   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

22        In accordance with the above, IT IS HEREBY ORDERED that:

23        1. Plaintiff's amended complaint is dismissed; and

24        2. Plaintiff is granted thirty days from the date of service of this order to file a second
25   amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules
26   of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the
27   docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff
28   must file an original and two copies of the second amended complaint; failure to file a second

amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: December 5, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
burg1952.14amd